IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD WELLS, III,<br><br>        Petitioner,<br><br>    v.<br><br>STU SHERMAN, WARDEN,<br><br>        Respondent. | Case No. 1:14-cv-00497-LJO-MJS<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent, Stu Sherman, Warden of California Substance Abuse Treatment Facility ("CSATF") and State Prison, Corcoran, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

### I.     PROCEDURAL BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his December 2, 2008 conviction of second degree burglary. (See Answer Ex. 1, ECF No. 12.) Petitioner is currently serving his resulting sentence of seven years in prison. (Id.)

1

On August 11, 2012, Correctional Officer Panduro observed Petitioner physically assault Petitioner's fiancé and 14 year old daughter during a prison visitation. (Answer, Ex. 2 at 35-36.) At the disciplinary proceeding on September 14, 2012, Petitioner was found guilty of committing battery on a non-inmate and minor child, and assessed a 150 day forfeiture of good conduct time. (Id. at 40-45.) Petitioner alleges that the disciplinary decision was based on insufficient evidence and that it violated his due process rights under the 6th and 14th amendments. (Pet. at 1-6.)

On July 9, 2013, Petitioner filed a habeas petition in the Imperial County Superior Court. The petition was denied in a reasoned decision on August 12, 2013. (Answer, Exs. 2-3.)

On October 4, 2013, Petitioner filed a habeas petition in the California Court of Appeal for the Fourth District. The appellate court denied the petition in a reasoned decision on October 24, 2013. (Answer, Exs. 4-5.)

Petitioner filed a habeas petition to the California Supreme Court on November 18, 2013. The petition was summarily denied on February 11, 2014. (Answer, Exs. 6-7.)

Petitioner filed the instant federal habeas petition on March 26, 2014. Respondent filed an answer to the petition on June 23, 2014. (See generally Answer, ECF No. 12.) Petitioner did not file a traverse within thirty days of the service of the answer. Accordingly the matter stands ready for adjudication.

## II.     FACTUAL BACKGROUND

On August 11, 2012, Correctional Officer Panduro observed Petitioner physically assault Petitioner's fiancé and 14 year old daughter who were visiting him in prison. (Answer, Ex. 2 at 35-36.) The officer ended the visit because of Petitioner's aggressive behavior towards his visitors. (Id.) Petitioner was charged with violating CCR § 3005(d)(1): "battery of a non-inmate" and minor child. (Id. at 38.) Petitioner was provided a rules violation report on August 24, 2012. (Id.) Petitioner did not provide a statement upon receiving the report, but did request others be interviewed. (Id.)

2

Petitioner appeared at the disciplinary hearing on September 14, 2012. (Answer, Ex. 2. at 40.) In his defense, Petitioner claimed he was not guilty of the charges and requested witness testimony from his fiancé and minor daughter. (Id. at 41.) The Senior Hearing Officer ("SHO"), Lieutenant P. Zills, determined that additional witness testimony was not required as the events were clearly documented in multiple officer reports and further supported by videotape evidence. (Id. at 42.)

After considering all of the relevant evidence, the SHO found that the greater weight of the evidence supported the finding that Petitioner committed the prohibited act of battery on a non-inmate and minor child. (Answer, Ex. 2 at 43.) The prison disciplinary decision was based on a report of the officer who observed the incident and the video of the incident captured on the visiting room security camera. (Id.) A sanction of disallowance of 150 days good conduct time was imposed. (Id.)

### III.     DISCUSSION

####    A.     Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner under a judgment of a state court if the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered a violation of his right to due process as guaranteed by the U.S. Constitution. While the disciplinary hearing occurred at Calipatria State Prison, Petitioner was incarcerated at the CSATF at the time of filing this petition, which is located within the Eastern District of California. 28 U.S.C. § 2241(d); 2254(a). The Court concludes that it has jurisdiction over the action.

####    B.     Legal Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of

the AEDPA; thus, it is governed by its provisions.

Under AEDPA, a petition for a writ of habeas corpus by a prisoner in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n. 7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in state court proceedings if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### 1. Contrary to or an Unreasonable Application of Federal Law

A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-06). "AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied. . . . The statute recognizes . . . that even a general standard may be applied in an unreasonable manner" Panetti v. Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted). The "clearly established Federal law" requirement "does not demand more than a 'principle' or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009). For a state decision to be an unreasonable application of clearly established federal law under § 2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle (or principles) to the issue before the state court. Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003).

A state court decision will involve an "unreasonable application" of federal law

4

only if it is "objectively unreasonable." Id. at 75-76 (quoting Williams, 529 U.S. at 409-10); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). In Harrington v. Richter, the Court further stresses that "an unreasonable application of federal law is different from an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011) (citing Williams, 529 U.S. at 410) (emphasis in original). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786 (citing Yarborough v. Alvarado, 541 U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts have in reading outcomes in case-by-case determinations." Id.; Renico v. Lett, 130 S. Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. 111, 122, 129 S. Ct. 1411, 1419 (2009) (quoting Richter, 131 S. Ct. at 786).

### 2. Review of State Decisions

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds." See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). This is referred to as the "look through" presumption. Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198 (9th Cir. 2006). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, "does not require that there be an opinion from the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

Richter instructs that whether the state court decision is reasoned and explained,

or merely a summary denial, the approach to evaluating unreasonableness under § 2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75). AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Id. To put it yet another way:

> As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 786-87. The Court then explains the rationale for this rule, i.e., "that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. It follows from this consideration that § 2254(d) "complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for later federal habeas proceedings." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

### 3. Prejudicial Impact of Constitutional Error

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness). Some constitutional errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659

(1984). Furthermore, where a habeas petition governed by AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard. Avila v. Galaza, 297 F.3d 911, 918, n. 7 (2002); Musalin v. Lamarque, 555 F.3d at 834.

## IV. REVIEW OF PETITION

Petitioner raises two due process violations with regard to his disciplinary proceeding and the ensuing state court decisions. First, Petitioner asserts that the decision to deny his request to present witness testimony deprived him of his right under the 6th and 14th amendments to call and confront witnesses. (See Pet. at 1-6.) Second, Petitioner asserts that because he was not able to call certain witnesses, the charges against him are based on insufficient evidence. (Id.) While Petitioner frames part of his argument under the 6th Amendment, the details of his complaint will be more appropriately evaluated under the 14th Amendment as part of his procedural due process claim.

### A. State Court Decision

Petitioner presented his claims by way of petitions for writ of habeas corpus to the California Courts. Petitioner is not entitled to relief because the state court's legal and factual determinations in denying Petitioner's claims were not objectively unreasonable or contrary to Supreme Court law.

The claim was denied in a reasoned decision by the California Court of Appeal and summarily denied in a subsequent petition by the California Supreme Court. (See Answer, Exs. 5, 6.) Because the Supreme Court opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n.3 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion);

7

see also LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under 28 U.S.C. § 2254(d)(1)).

The Court of Appeal described why Petitioner's due process rights were not denied in a reasoned decision, stating:

> "The Legislature has given the Director of the Department of Corrections broad authority for the discipline and classification of persons confined in state prisons." (In re Lusero (1992) 4 Cal.App.4th 572, 575.) Requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board. (In re Zepeda (2006) 141 Cal.App.4th 1493, 1500.)
>
> An official conducting a disciplinary hearing may deny an inmate's request to call a witness if the official determines the witness has no relevant or additional evidence. (Cal. Code Regs., tit. 15, § 3315, subd. (e)(I)(B).) Here, the Senior Hearing Officer made such a finding. The incident was captured on videotape and detailed in a report by an officer that observed the incident. The declarations in support of the writ petition provide only a recount of the incident and declarations of support for Wells. Thus, they do not reveal any additional evidence that could overturn the finding of guilt. Because the finding of guilt is supported by some evidence, Wells does not state a prima facie case for relief.
>
> The petition is denied."

(Answer, Ex. 5.)

### B. Procedural Due Process

The law concerning a prisoner's Fourteenth Amendment liberty interest in good conduct time is set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). While the United States Constitution does not guarantee good conduct time, an inmate has a liberty interest in good conduct time when a state statute provides such a right and delineates that it is not to be taken away except for serious misconduct. Id. at 557. Inmates involved in a disciplinary action are entitled to procedural protections under the Due Process Clause, but not to the full array of rights afforded to criminal defendants. Wolff, 418 U.S. at 556 (1974). Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th

8

Cir. 1989) (citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good conduct time, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.

In the facts and circumstances presented here, it appears that Petitioner received all the process that was due. Petitioner does not dispute that he received prior notice of the charges, the reasons for the charge, and an explanation of the decision. Instead, he claims that his due process rights were violated because two witnesses were improperly excluded.

Petitioner was given the opportunity to call witnesses. However, the accounts of the witnesses, Petitioner's fiancé and daughter, would not have added any additional or relevant evidence. The report of the officer who observed the incident as well as the video showing the battery supplied sufficient evidence of the incident. As the Court of Appeal concluded, the witness testimony would have been "a recount of the incident," but would "not reveal any additional evidence that could overturn the finding of guilt." (Answer, Ex. 5.) Under Wolff, witnesses can be appropriately excluded, as was done here, where their testimony would have been cumulative or irrelevant to the disciplinary proceedings. Wolff, 418 U.S. at 566; Cal. Code Regs, tit. 15, §3315(e)(1).

Given that there were legitimate reasons why the fiancé's and daughter's testimony was excluded at the hearing, the state courts did not unreasonably apply Wolff in reviewing the prison's disciplinary proceedings and denying Petitioner's claim.

///

///

### C. **Substantive Due Process**

Petitioner further asserts that because he was not able to call certain witnesses, the charges against him are based on insufficient evidence. (Pet. at 1-6.) As discussed above, Federal habeas corpus relief is available only when the state court's decision results in a decision that is "contrary to" federal law or was based on "an unreasonable determination of the facts." 28 U.S.C. § 2254(d); Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-06). The evidentiary standard for review of a state prison disciplinary decision's adherence to due process merely requires "some evidence from which the finding of the administrative tribunal could be deduced." Superintendent v. Hill, 472 U.S. 445 (1985).

A court must refrain from making its own assessment of the credibility of witnesses or second guessing the fact finding determinations and decisions of the disciplinary board. Id. at 455. Thus, the "some evidence" standard under Hill is "minimally stringent," and the courts may not "set aside decisions of prison administrators that have some basis in fact." Id. at 455-56. Further, the existing evidence need not "logically preclude" any conclusion other than the one reached by the hearing officer. Id. at 457.

An issue of fact is limited to "basic primary, or historical facts: facts in the sense of a recital of external events and credibility of their narrators." Thompson v. Keohane, 516 U.S. 99, 109-10 (1995) (interpreting 28 U.S.C. § 2254(d)). The state courts' adjudication of Petitioner's petition did not turn on disputed factual findings; instead, the state court applied a federal standard of review to undisputed facts in the record. (Exs. 2-7; Hill, 472 U.S. at 455-456 (application of the some-evidence standard to a prison disciplinary decision does not involve re-weighing the evidence).)

Petitioner does not dispute that he made physical contact with his fiancé and his daughter during their visit. Though Petitioner claims that the evidence of the violation is

10

insufficient and subject to reinterpretation because his contact with his daughter was exaggerated by the reporting officer and because testimony from Petitioner's fiancé would have offered a different account of the incident, the Court rejects the invitation to reweigh, reassess, and rebalance the evidence.

An alternative account of the incident need not be accepted as true or accurate by the hearing officer, and does not undermine a finding that "some evidence" exists that the battery had occurred. The some evidence standard is a low threshold, and will be met even when evidence to the contrary is presented. As the evidence presented at the hearing and relied upon by the hearing officer constitutes some evidence that Petitioner committed battery, the disciplinary decision satisfies the some evidence standard. Accordingly, the state courts did not unreasonably apply Hill in reviewing the prison's disciplinary proceedings and denying Petitioner's claim.

The state court decisions properly applied clearly established Supreme Court law and the state courts' factual determinations were not objectively unreasonable. Further, the disciplinary decision was found to be supported by some evidence. The Court finds no constitutional violation with regard to the finding of the disciplinary proceeding or the state courts interpretation of such proceeding at issue in this case. The Court recommends that the petition for writ of habeas corpus be denied.

## V. **RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The

11

Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   February 24, 2015            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

12